IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA  :
:
vs.  :  CRIMINAL ACTION 08-00135-KD
:
WILMER ALONZO STANLEY HINDS  :

REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Notice of Appeal, Motion for Leave to Appeal In Forma Pauperis and Motion to Appoint Counsel (Doc. 65), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). For the reasons set forth below, it is recommended that the Motions be denied because the appeal is frivolous and not taken in good faith.

On October 9, 2008, Defendant was sentenced after pleading guilty to count one of the indictment, namely, conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On December 4, 2009, Defendant filed a Motion for Specific Performance by the Government, alleging that, because of his race, the Government had not filed a motion pursuant to Federal Rule of Criminal Procedure 35, as promised in the plea agreement, to reduce his sentence for his substantial assistance (Doc. 52), to which the Government filed a Response on December 23, 2009 (Doc. 56). The Government asserted that the Court lacked jurisdiction because Defendant had failed to make the required threshold showing of a constitutionally

impermissible motivation for not filing the Rule 35 motion – his allegations were merely conclusory.  In the alternative, the Government set out the reasons such a motion had not been filed.  By Endorsed Order dated January 4, 2010 (Doc. 57), Judge DuBose denied Hinds' Motion for Specific Performance for the reasons set out in the Government's Response (Doc. 56).  The Court on March 11, 2010, denied Defendant's Motion for Leave to Supplement the Motion for Specific Performance (Docs. 60,61) since there was no longer any motion to supplement (Doc. 62).

After a review of the Notice of Intent to File Post-Conviction Appeal, Request Appoint of Appellate Counsel, and to Proceed In Forma Pauperis (Doc. 65), with the attached supporting Affidavit (but without the statement of his prison account or other documentation of his assets and income), it appears that Defendant may not have the present financial inability to pay the filing fees.  The Court notes that Defendant had CJA counsel throughout the proceedings, including sentencing. However, even if though the Court found that Defendant does not have the present ability to pay the filing fees, a party may not appeal *in forma pauperis* unless the District Court also certifies that the appeal is taken in good faith.  28 U.S.C. § 1915(a).  The test for whether an appeal is taken in good faith is whether Defendant seeks appellate review of any issue that is not frivolous.  *See Ex parte Chayoon,* 2007 WL 1099088, *1(M.D. Fla. 2007).   In other

words, an appeal that is plainly frivolous cannot be taken without the prepayment of fees and costs. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *Clements v. Wainwright,* 648 F.2d 979, 981 (5th Cir. 1981). Here, Defendant has merely filed a Notice of Appeal and a Motion for Leave to Proceed In Forma Pauperis without claiming any entitlement to redress or stating the issues he intends to present on appeal, as required by Federal Rule of Appellate Procedure 24 (a). Therefore, Defendant's Motion for Leave to Proceed In Forma Pauperis is due to be denied since it is frivolous and not taken in good faith.

In conclusion, it is recommended that Defendant's Motion for Leave to Proceed In Forma Pauperis be denied and that the District Judge certify in writing that Defendant's appeal is frivolous and not taken in good faith. It is further recommended that Defendant's request to appoint counsel to represent him on appeal contained in the Motion also be denied. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Defendant does not have the opportunity to file an objection. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a

waiting period.

DONE this 10th day of November, 2010.

                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE