IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILMER ALONZO STANLEY HINDS,      :

     Petitioner,      :
                           CIVIL ACTION 12-0462-KD-M
v.      :
                     CRIMINAL ACTION 08-00135-KD-M
UNITED STATES OF AMERICA,      :

     Respondent.      :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 91) and Respondent's Motion to Dismiss (Doc. 93). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 93) be granted, that Petitioner's Motion to Vacate (Doc. 91) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Wilmer Alonzo Stanley Hinds. It is further recommended that,

should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Hinds was indicted on April 25, 2008 for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Doc. 17). On June 20, 2008, Petitioner entered into an agreement (hereinafter *Agreement*) in which he pled guilty to the single charge against him (Doc. 28, ¶ 2).  In the Agreement, Hinds stated that he had freely and voluntarily entered into it with the advice of counsel (Doc. 28, ¶¶ 6, 9).  On October 9, 2008, United States District Judge DuBose sentenced Petitioner to 120 months on the conviction as well as five years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 48).  The Judgment was entered onto the docket of the Court on October 24, 2008 (Doc. 48).

On September 24, 2010, Hinds filed a Notice of Appeal (Doc. 65).  On February 28, 2012, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal as untimely (Doc. 90).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on July 11, 2012[1] in which he raised the following claims:  (1) His sentence was

---

[1] **Error! Main Document Only.**Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United*

illegal because he is actually innocent of allegations that he threatened his codefendant; (2) his codefendant's testimony was fraudulent, rendering the judgment void; and (3) he was denied his right to effective assistance of counsel (Doc. 91). Respondent filed a Motion to Dismiss on August 22, 2012 (Doc. 93) to which Petitioner replied (Doc. 95).

Before taking up Hinds's claims, the Court notes that Respondent argues that this action should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 93, pp. 2-3). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right

*States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

> asserted was initially recognized by
> the Supreme Court, if that right has
> been newly recognized by the Supreme
> Court and made retroactively applicable
> to cases on collateral review; or
>
> (4) the date on which the facts
> supporting the claim or claims
> presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on November 7, 2008, fourteen days after judgment was entered onto the Court's docket on October 24, 2008.  Fed.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed").  That means that on November 8, 2008, the AEDPA limitations clock began to run and that Hinds's § 2255 petition should have been filed no later than November 7, 2009.  Petitioner's Motion to Vacate was filed on July 11, 2012 (Doc. 91), two years and eight months too late.

The Court finds that it is of no moment that Hinds filed an appeal, albeit late.  If filing a late appeal stopped the limitations clock from running, AEDPA would have no meaning as a criminal defendant could file an appeal at any time in an effort to stop the clock so that a § 2255 action would be considered to be timely filed.  *See United States v. Black*, 2006 WL 2547339,

4

*3 (M.D. Ala. 2006).

However, under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

Hinds has asserted that this action should be considered to have equitably tolled the statute as his delay was due to false hope and promises given him by the prosecutor and defense counsel (Doc. 95, p. 2). Petitioner has also asserted that his co-defendant has admitted that Hinds did not threaten him with a gun and that this information should pave the way for him to be resentenced as this is "newly discovered evidence" (Doc. 95, pp. 3-4, 17-20).

The Court finds no merit in Petitioner's assertions. Hinds has not demonstrated that his attorney and the prosecutor misled him in any way. More to the point, though, only Petitioner can be held responsible for the late filing of this action as there is no constitutional right to counsel on collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions").

As far as the "newly discovered evidence," even were the

Court to find that this was new evidence—and it does not make that finding—the letter which forms the basis for this claim was dated December 6, 2010 (Doc. 95, pp. 17-18).  Petitioner still waited more than twenty months before filing this action after "discovering" this new evidence; this, too, fails to satisfy the requirements of AEDPA.

After considering the arguments and evidence submitted, the Court finds that Petitioner has not demonstrated any extraordinary circumstances; he has certainly not been diligent in the filing of this action as it comes more than two and one-half years too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

In summary, Hinds has raised three claims in this petition, but the Court has not considered them as this action is time-barred under AEDPA.  Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 93) be granted, that Petitioner's Motion to Vacate (Doc. 91) be denied as time-barred, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Wilmer Alonzo Stanley Hinds.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of

appealability (hereinafter *COA*) in this case be denied.  28
U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue
or deny a certificate of appealability when it enters a final
order adverse to the applicant").  The habeas corpus statute
makes clear that an applicant is entitled to appeal a district
court's denial of his habeas corpus petition only where a
circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).
A COA may issue only where "the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  Where a habeas petition is being denied on
procedural grounds, "a COA should issue [only] when the prisoner
shows . . . that jurists of reason would find it debatable
whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it
debatable whether the district court was correct in its
procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484
(2000).  As Hinds did not file this action in a timely manner, a
reasonable jurist could not conclude either that this Court is
in error in dismissing the instant petition or that Petitioner
should be allowed to proceed further.  *Slack*, 529 U.S. at 484
("Where a plain procedural bar is present and the district court
is correct to invoke it to dispose of the case, a reasonable
jurist could not conclude either that the district court erred

7

in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Hinds's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement

of objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.**Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 21st day of September, 2012.


                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE