IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILMER ALONZO STANLEY HINDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Criminal Action No. 08-00135-KD-M |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 12-00462-KD |
| ) | |
| Respondent. ) | |

## ORDER

This action is before the Court on Petitioner Wilmer Alonzo Stanley Hinds' "Motion Pursuant to Federal Rules of Civil Procedure 60(b)" (doc. 116), the United States' response (doc. 118) and Hinds' reply (doc. 119). Upon consideration, and for the reasons set forth herein, Hinds' motion is dismissed for lack of jurisdiction.

I. Background

In October 2008, Hinds plead guilty to Count One of the Indictment, conspiracy to possess with intent to distribute cocaine, and was sentenced to 120 months (doc. 48). At sentencing, his codefendant testified that Hinds threatened him while they were in jail (doc. 86, Sentencing Hearing Transcript). Later, Hinds received a letter from his codefendant wherein he appears to recant this testimony. The letter is dated December 6, 2010 (doc.91, p. 21).

In July 2012, Hinds filed a motion pursuant to 28 U.S.C. § 2255, arguing in part that his sentence should be vacated and he should be resentenced because of the codefendant's recantation. The Magistrate Judge entered a report and recommendation that Hinds' § 2255 motion was time barred and that he had not shown good cause for equitable tolling. The Magistrate Judge specifically discussed Hinds' argument that his codefendant's letter was newly

discovered evidence, which would provide a basis for resentencing. The Magistrate Judge found that even if the letter was new evidence, it was dated December 6, 2010, and Hinds waited more than twenty months before filing his § 2255 motion in July 2012. Ultimately, the Magistrate Judge found that Hinds had not demonstrated any extraordinary circumstance or diligence, and therefore, there was no basis for equitable tolling of the statute of limitations.

The Court adopted the Magistrate Judge's recommendation. The order adopting the report and recommendation and the judgment were entered October 12, 2012 (docs. 97, 98).

Hinds appealed the decision. On April 24, 2013, the Court of Appeals for the Eleventh Circuit found that that the district court properly determined that Hinds' § 2255 motion was time-barred. The Eleventh Circuit found that Hinds had not mailed his § 2255 motion until July 11, 2012, more than three years after the judgment of conviction became final on November 3, 2008, and more than two years after the one-year time period for filing a § 2255 motion had expired (doc. 109).

The Eleventh Circuit also found that the district court did not err in rejecting Hinds' arguments for equitable tolling, including his argument that the codefendant's letter was newly discovered evidence. The Eleventh Circuit found that "[e]ven assuming that this letter amounted to new evidence, Hinds provided no explanation for why he waited another 19 months to file his § 2255 motion, and therefore he did not show that he diligently pursued his habeas claims" (doc. 109, p. 5). On October 7, 2013, Hinds' petition for writ of certiorari to the Supreme Court was denied (doc. 110).

II. Argument

Hinds now brings his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and asks the court "not to construe this motion as a second and successive § 2255, but

… as a motion to reopen [ ] to look over previously submitted facts that were not addressed" (doc. 116, p. 1) He correctly argues that the Court did not rule on his claim that he should be resentenced because his codefendant recanted his testimony, since the § 2255 motion to vacate was dismissed on statute of limitations grounds. Hinds argues that he may bring this motion because he is not attacking the court's previous resolution of a claim on the merits (doc. 119, p. 5-6; doc. 116, p. 6-7).

Hinds also argues that his Rule 60(b) motion is "based on newly discovered evidence", i.e., the codefendant's letter, which shows that the Court relied upon fraudulent testimony to deny application of the safety valve[1] (doc. 116, p. 6, 11). Hinds also asserts that the time periods

---

[1] Hinds also raised other allegations as to the negative effect of his codefendant's testimony on his sentence. These incorrect allegations are addressed as follows:

Hinds argues that his criminal history category was miscalculated because of the testimony.  He argues that this miscalculation created an incorrect starting point which resulted in an incorrect sentencing guideline (doc. 116, p. 7-10). <u>The calculation of his criminal history category was not influenced by the alleged threat.</u> As stated herein, the Court considered the threat when deciding whether Hinds was eligible for the safety valve.

Hinds argues that he "received a 2 point enhancement for threatening his codefendant which also caused him to [lose] his acceptance of responsibility points as well as his safety valve reduction." (Doc. 116, p. 6-7).

<u>Hinds did not receive a "2 point enhancement".</u>   At the sentencing hearing on October 9, 2008, the parties argued whether Hinds qualified for a two-point reduction based upon the "safety valve". Based on the codefendant's testimony, which the Court found "believable", and also "quite strongly based on Mr. Hines five prior convictions and nine prior arrests" and "not telling the truth about the threats", the Court denied his request for the safety valve reduction (doc. 86, p. 104-105, Sentencing Hearing Transcript). <u>Hinds did not lose his opportunity for the "safety valve" solely because of the alleged threat</u>. Other factors were considered – his five prior convictions and nine prior arrests, which for various reasons did not count when calculating his criminal history category.

<u>Hinds did not lose his acceptance of responsibility</u>. The Court gave Hinds a three level reduction for acceptance of responsibility, which reduced his total offense level from 32 to 29 (doc. 86, p. 3, Sentencing Hearing Transcript).

3

for filing a Rule 60(b) motion should be tolled because he was in the SHU (doc. 116, p. 3-4, 7). He also argues that the Court should apply certain factors to the circumstances in this action, set aside the judgment, and reopen his § 2255 proceedings for a determination on the merits (doc. 119, p. 2-3) (listing eight factors from *Seven Elves, Inc. v. Eskenazi,* 635 F. 2d 396, 402 (5th Cir. 1981) for setting aside a judgment).[2]

The United States argues that Hinds' Rule 60(b) motion should be denied. The United States sets forth three grounds for denial: First, that a motion under Rule 60(b) of the Federal Rules of Civil Procedure cannot be used to challenge one's sentence in a criminal action; second, that the supporting evidence – the letter from his codefendant – is not newly discovered evidence; and third, the motion is time-barred (doc. 118).

II. Analysis

"Rule 60(b) allows a party to seek relief or reopen a civil case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud [by the opposing party]; (4) the judgment is void; (5) the judgment has been discharged; and (6) 'any other reason that justifies relief.'" *United States v. Knowles*, 638 F. App'x 977, 979 (11th Cir. 2016) (citing Fed.R.Civ.P. 60(b)) (bracketed text added). Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time - - and for reasons (1), (2), and

---

Hinds argues that the "2 point enhancement" for threatening his co-defendant has "caused the misapplication of the career offender enhancement" (doc. 116, p. 8, 10-11). However, he was not sentenced as a career offender (doc. 86, Sentencing Hearing Transcript).

[2]  Decisions of the Fifth Circuit rendered before close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

(3) no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1).

Hinds argues that Rules 60(b)(1), (2), (3), (4) and (6) are all grounds for his motion.[3] The Court finds that to the extent the motion may have been based on Rules 60(b)(1), (2), and (3),[4] it is time-barred. The judgment, from which Hinds seeks relief, was entered October 12, 2012.[5] Hinds' Rule 60(b) motion was not filed until June 2016, three years and eight months later.

Hinds acknowledges that his Rule 60(b) motion was filed beyond the one-year time frame, but argues that his motion should still be allowed (doc. 116, p. 3-4). Hinds sets forth that he "was held in the SHU from August 25, 2014 until February 23, 2016, when his property was

---

[3] Hinds also plead Rule 60(b)(5). The Rule states that the court may relieve a party where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). However, Hinds does not allege any facts that would support an application of this rule to the judgment in his § 2255 proceedings.

[4] "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b).

[5] Although the appeal process did not conclude until the Supreme Court denied the petition for writ of certiorari in October 2013, that does not affect the determination that Hinds' motion is time barred. First, "[p]ursuing an appeal … 'does not toll the time for making a 60(b) motion.'" *United States v. Lopez*, 2016 WL 742111, at *3 (S.D. Ala. Feb. 24, 2016) (quoting *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971). Second, even if the time was tolled, counting from October 2013, two years and eight months passed before Hinds filed this motion in June 2016. Last, the Eleventh Circuit has held that the district court does not lose jurisdiction to rule on Rule 60(b) motions while an appeal is pending, although the district court's decision is limited by Fed. R. Civ. P. 62.1 because "under Rule 62.1, a district judge may not grant a Rule 60(b) motion absent a remand but may deny the motion, defer consideration, or issue an 'indicative ruling' stating the motion would be granted on remand or the motion raises a substantial issue." *Madura v. BAC Home Loans Servicing, LP*, - - - Fed. Appx. - - - , 2016 WL 3553209, at *5 (11th Cir. June 30, 2016).

returned and he filed this motion (doc. 116, p. 7).[6]   However, within the one-year time period from October 2012 through October 2013, Hinds was not in the SHU, had possession of the codefendant's letter, and could have filed this motion.

As to Rule 60(b)(6), "any other reason that justifies relief", Hinds was required to file within a "reasonable time". Fed. R. Civ. P. 60(c)(1). As previously stated, Hinds waited from October 2012 until July 2016 – three years and eight months - to file his Rule 60(b) motion. The Court finds that this is not a reasonable time period. *See Dubose v. Hetzel,* 2013 WL 4482413, * (N.D. Ala. Aug. 20, 2013) (finding that a Rule 60(b)(6) motion, filed more than three years after the case was decided, was not filed within a reasonable time as required by Rule 60(c)(1)).

Additionally, the Eleventh Circuit has explained that "Rule 60(b)(6) is a 'catchall provision'; it permits a court to 'relieve a party from a final judgment "upon such terms as are just,' provided that the motion is made within a reasonable time *and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).*"" *Rismed Oncology Systems, Inc. v. Baron,* 638 F. App'x 800, 807 (11th Cir. 2015) (emphasis added) (citations omitted); *Securities & Exchange Comm'n v. N. Am. Clearing, Inc.*, - - - Fed. Appx. - - -, 2016 WL 3742786, at *1 (11th Cir. July 13, 2016) (" Importantly, the fact that the rule itself imposes different time limits on motions under Rule 60(b)(6) and 60(b)(1)-(3), has led to the conclusion that the grounds specified under the other subsections will not justify relief under subsection (6). In other words, '[w]here either Clauses (b)(1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b)(6).'") (citations omitted). Hinds' motion was "premised on one of the grounds for relief enumerated in clauses (b)(1)

---

[6] The Federal Correctional Institution stamp on Hinds' envelope indicates that the motion was processed on June 8, 2016 (doc. 116, p.18).

through (b)(5)", specifically, (b)(1) (mistake, etc.), (b)(2) (newly discovered evidence), (b)(3) (fraud), and arguably (b)(4) (judgment is void) (See doc. 116, p. 2-3). Thus, even if his Rule 60(b)(6) motion could be construed as having been filed in a reasonable amount of time, the (b)(6) "catchall" does not appear to be applicable. *Id.*

As to Rule 60(b)(4) relief from a final judgment that is void, the reasonable time limitation found in Rule 60(c)(1) does not apply. *Madura v. BAC Home Loans Servicing, LP*, - - - Fed. Appx. - - -, 2016 WL 3553209, at *6 (11th Cir. June 30, 2016) ("[M]otions filed under Rule 60(b)(4) are not subject to the reasonable-time limitation.") (citing *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994)). In *Madura,* the Eleventh Circuit explained that

> A judgment is not void under Rule 60(b)(4) simply because it was or may have been erroneous. [ ] Instead, a judgment is void under Rule 60(b), if the district judge lacked jurisdiction or there were defects in due process that deprived the movant of notice or an opportunity to be heard. *Id*. The Supreme Court has held, however, procedural due process violations may be harmless error when they do not affect the outcome of the proceedings.

*Madura,* 2016 WL 3553209, at *6 (internal citations omitted).

Hinds argues that Rule 60(b)(4) allows this Court to relieve him from the judgment in his § 2255 proceeding when the judgment is void. He asserts that the "Supreme Court has interpreted this provision narrowly, as providing relief only when there is 'jurisdictional error' or a 'violation of due process'" that "deprives a party of notice or the opportunity to be heard" (doc. 116, p. 1-2).

As to Rule 60(b)(4), the judgment in his § 2255 proceeding would not be void "simply because it was or may have been erroneous".   Thus, Hinds' failure to argue that the Court erred in finding that his § 2255 motion was time-barred is of no consequence. However, Hinds does

not argue that this Court lacked jurisdiction to rule on his § 2255 motion. Also, he does not argue, or allege any facts in support, that he did not receive notice and an opportunity to be heard during his § 2255 proceedings. Therefore, Rule 60(b)(4) does not appear to be a basis for Hinds' motion.

Hinds does argue that his codefendant's false testimony at sentencing was a "fraud upon the court" that resulted in an incorrect sentence (doc. 116, p. 7; doc. 119, p. 6, 7). Although Hinds does not cite Rule 60(d)(3), that rule allows the court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Hinds argues that the newly discovered evidence, the codefendant's letter proves that he was actually innocent of threatening his codefendant, and therefore his sentence is illegal and the Court should reopen his § 2255 proceedings to address this claim.

Hinds also argues that the United States' attempt to have his Rule 60(b) motion dismissed as time barred, is a miscarriage of justice and a violation of due process. He argues that because the United States now knows that the codefendant's testimony was false and a fraud upon the Court, it has a duty to correct his incorrect sentence, and failure to do so violates his rights under the Fourteenth Amendment (doc. 119, p. 7-11).

Generally, Rule 60(b) of the Federal Rules of Civil Procedure "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998). The Court finds no reason not to conclude that Rule 60(d)(3) of the Federal Rules of Civil Procedure, likewise does not provide for relief from judgment in a criminal case.

Additionally, a Rule 60(b) motion may be considered a second or successive § 2255 motion "if it seeks to present a new ground for relief from a judgment of conviction or if it attacks the federal court's previous resolution of a claim on the merits." *United States v.*

*Knowles*, 638 F. App'x at 979 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 125 S.Ct. 2641 (2005) and *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir.2011) (en banc) (holding that the rule espoused in Gonzalez applies equally to federal prisoners)). The same consideration applies to motions pursuant to Rule 60(d). *See United States v. Light,* 2014 WL 4436419, *2 (M.D. Fla. Sept. 9, 2014) (finding that motion to reopen under Rule 60(d)(1) was effectively a second or successive claim for relief under § 2255 and dismissing for lack of jurisdiction) (quoting *Maye v. United States,* 2010 WL 4279405, *2 (M.D. Fla. Oct. 25, 2010); *United States v. Parker,* 2011 WL 307699, at *1 (N.D. Fla. Jan. 27, 2011) (dismissing for lack of jurisdiction a Rule 60(d) motion as an unauthorized second or successive § 2255 motion).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an inmate, such as Hinds, who has already filed a § 2255 motion must apply for and obtain authorization from the Court of Appeals for the Eleventh Circuit before filing a "second or successive" § 2255 motion." *United States v. Knowles*, 638 F. App'x at 979 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). Without prior authorization, this Court lacks jurisdiction to consider a second or successive § 2255 motion.

On the other hand, a Rule 60 motion may be "permissible if 'neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's ... conviction.'" *Id. (*quoting *Gonzalez*, 545 U.S. at 533, 125 S.Ct. 2641). Therefore Hinds' Rule 60 motion "would be proper, for example, if it: (1) asserts that a federal court's previous ruling, that precluded a merits determination (i.e., a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar), was in error; or (2) attacks a defect in the federal proceeding's integrity, such as a fraud upon the court." *Id* (citing *Gonzalez,* 545 at 532–535 & n. 4, n. 5, 125 S.Ct. 2641.).   However, Hinds does not argue that

9

this Court erred in its previous ruling that his first § 2255 motion was barred by the statute of limitations. Instead, Hinds argues that the Court should reopen his § 2255 proceedings because it did not consider the merits of his claims.

Hinds also argues that his codefendant's letter proves that there was a fraud upon the court when his codefendant testified at the sentencing hearing. However, that is an attack upon his criminal proceedings and not an attack upon a defect in the integrity of his § 2255 proceedings. In this context, the fraud which may support a Rule 60 motion, must be a "fraud upon the federal court that led to the denial of the original habeas petition". *United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. 2009).   Hinds' codefendant's testimony at sentencing and subsequent recantation, did not lead to the dismissal of Hinds' original § 2255 motion. That motion was dismissed because the statute of limitation had expired and Hinds failed to show any grounds for tolling the period of limitation.

Accordingly, to the extent that Hinds' Rule 60 motion may have survived any applicable period of limitation, the motion is due to be dismissed for lack of jurisdiction because the Eleventh Circuit has not given Hinds approval to file a second or successive § 2255 motion. 28 U.S.C. § 2255(h).

**DONE** and **ORDERED** this the 27th day of September 2016.

                                            s / Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**